F I L E D
United States Court of Appeals
Tenth Circuit

APR 14 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BRIAN PACHECO,

  Plaintiff-Appellant,

  v.

MIKE WARD, CARMELA KNIGHT,
DIANE BAILS, MARGARET HEIL,
ARISTEDES ZAVARAS,

  Defendants-Appellees.

No. 98-1104
(D.C. No. 97-D-2440)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Therefore, the case is ordered submitted without oral argument.

Plaintiff Brian Pacheco, an inmate appearing pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 action as frivolous. We affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Pacheco brought a § 1983 action alleging defendants violated his due process and equal protection rights by assigning him a sexual violence classification of S-2, and that defendants were liable for defamation of character, slander, and libel. The district court dismissed his due process and equal protection claims as frivolous under 28 U.S.C. § 1915(e)(2)(B)(ii), and declined to exercise supplemental jurisdiction over his state law claims under 28 U.S.C. § 1367.

Dismissal of a complaint as frivolous is appropriate "if the plaintiff cannot make a rational argument on the law and facts" in support of his claim, or if it is "patently obvious" plaintiff could not prevail on the facts alleged and allowing an opportunity to amend would be futile. See Whitney v. New Mexico, 113 F.3d 1170, 1172-73 (10th Cir. 1997). "Plausible factual allegations are not frivolous . . . even if they lack evidentiary support." Templeman v. Gunter, 16 F.3d 367, 368 (10th Cir. 1994). The court can dismiss the complaint only if the facts do not support an arguable claim. Id. We review for abuse of discretion the district court's dismissal of a complaint as frivolous, McWilliams v. Colorado, 121 F.3d 573, 574-75 (10th Cir. 1997), and we liberally construe the pro se complaint, Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Pacheco asserts his classification has prevented his "progression through the system," and precludes him from completing his term at a halfway house. He

seeks a lower classification, asserting his classification is based on purely false information and violates his due process and equal protection rights. Pacheco filed four grievances with the Colorado Department of Corrections. On August 29, 1997, the grievance officer denied the grievances, finding there were no facts to support Pacheco's claims. Pacheco has exhausted his administrative remedies pursuant to 42 U.S.C. § 1997e.

## Due Process

The United States Constitution does not entitle an inmate to any particular degree of liberty in prison; thus, changes to an inmate's prison classification do not involve deprivations of liberty. See Templeman, 16 F.3d at 369. Although a state or a prison may create liberty interests that are protected by the Due Process Clause, such interests "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). We previously have held Colorado prison regulations do not create a liberty interest in an inmate's prison placement classification. See Templeman, 16 F.3d at 369. Pacheco's classification did not implicate the due process clause.

**Equal Protection**

Classification decisions are discretionary with Department of Corrections officials. Templeman , 16 F.3d 371. Officials must weigh various criteria and other relevant information in making a judgment on the classification of an individual inmate. Id.

The court concluded "Pacheco cannot state an arguable claim that there are no relevant differences between himself and other similarly situated inmates that reasonably might account for any different treatment." Record Doc. 7 at 6. Pacheco does not claim he was treated any differently because of the suspect classification. He only claims the classification has prevented his progression through the system. The grievance officer found Pacheco was "not being compelled to take sex offender treatment" and that no "charge of a sexual nature [appeared] in [his] DOC records." Record Doc. 2, attachment. Inmates might be classified differently because of slight differences in their histories or because some inmates present more risk of future misconduct. See Templeman , 16 F.3d 371. The district court did not err in dismissing Pacheco's equal protection claim.

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-4-