**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 28 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JERRY ALLEN CLARK,

            Petitioner-Appellant,

v.

STATE OF OKLAHOMA; STATE
OF UTAH; OKLAHOMA COUNTY
PUBLIC DEFENDER'S OFFICE;
"RESPONSIBLE PARTIES" IN THE
OKLAHOMA COUNTY PUBLIC
DEFENDER'S OFFICE; PAYNE
COUNTY PUBLIC DEFENDER'S
OFFICE; JENIFER M. CHAPEL,
Assistant Public Defender, Payne
County, State of Oklahoma; PAYNE
COUNTY DISTRICT ATTORNEY'S
OFFICE; OKLAHOMA COUNTY
DISTRICT ATTORNEY'S OFFICE;
GLEN WINTERS, Assistant Public
Defender, Payne County, State of
Oklahoma; PAUL ANDERSON,
Acting District Attorney, Payne
County, State of Oklahoma; LEE
SMITH, D.E.A. Agent; D.L.R.
SMITH, D.E.A. Agent,

            Respondents-Appellees.

No. 99-6282
(D.C. No. 99-CV-655-M)
(W.D. Okla.)

JERRY ALLEN CLARK,

            Plaintiff-Appellant,

v.

No. 99-6414
(D.C. No. 99-CV-1120-M)
(W.D. Okla.)

STATE OF OKLAHOMA;
OKLAHOMA COUNTY SHERIFF'S
DEPARTMENT; CLEVELAND
COUNTY SHERIFF'S
DEPARTMENT,

Defendants-Appellees

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **McKAY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

We have consolidated these appeals for purposes of disposition. In case No. 99-6282, petitioner-appellant Jerry Allen Clark appeals from the district court's order dismissing his complaint filed pursuant to 42 U.S.C. § 1983. In case No. 99-6414, Clark appeals from the district court's order dismissing as

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

premature his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241.

Case No. 99-6282

Clark filed his § 1983 complaint pro se and in forma pauperis. In a well-reasoned report and recommendation, adopted by the district court, a magistrate judge recommended that Clark's § 1983 claims against all defendants except Glen Winters be dismissed with prejudice, and that the claim against Glen Winters be dismissed without prejudice, all pursuant to 28 U.S.C. § 1915(e)(2)(B). [1] Having carefully reviewed the issues Clark raises, we conclude that the district court's decision dismissing his complaint should be affirmed for substantially the same reasons discussed in the magistrate judge's report and recommendation of June 24, 1999, and the district court's order of July 13, 1999.

---

[1] Section 1915(e)(2)(B) provides that notwithstanding the payment of a filing fee or partial filing fee by a prisoner proceeding in forma pauperis, the district court may dismiss an action if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." It is unclear on which subsection of this statute the district court relied for dismissal. If it concluded that the action was frivolous or malicious (subsection (i)), we would review its determination for abuse of discretion. See McWilliams v. Colorado, 121 F.3d 573, 574-75 (10th Cir. 1997). If it concluded that the action failed to state a claim (subsection (ii)), we would review the dismissal de novo. See Perkins v. Kansas Dep't of Corrections, 165 F.3d 803, 806 (10th Cir. 1999). We need not decide which standard of review applies, because under either standard, we would affirm the district court's dismissal.

Clark brought this case as a mandamus action, seeking to compel the Oklahoma state courts to hear and decide his petitions for habeas corpus pending in state court. He later filed pleadings including additional claims and indicating that he wished his action to be recharacterized as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The district court construed the action as a § 2241 habeas petition and dismissed it as premature, because Clark had failed to exhaust his state remedies. See 28 U.S.C. § 2254(b)(1); Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000) (holding § 2241 petitioner must exhaust state remedies). Having carefully reviewed the issues Clark raises, we affirm for substantially the same reasons discussed in the magistrate judge's report and recommendations of August 23, 1999, and the district court's order dated October 18, 1999.

The judgments of the United States District Court for the Western District of Oklahoma are AFFIRMED. All pending motions are DENIED. We remind appellant of his ongoing obligation to make partial payments toward the costs and

filing fees for these appeals, as assessed by this court on October 4, 1999 (case

No. 99-6282) and February 18, 2000 (case No. 99-6414).


Entered for the Court


Bobby R. Baldock
Circuit Judge