F I L E D
United States Court of Appeals
Tenth Circuit

AUG 11 1997

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

PAUL McWILLIAMS,

     Plaintiff-Appellant,

v.

STATE OF COLORADO; ROY
ROMER,

     Defendants-Appellees.

No. 96-1328

---

Appeal from the United States District Court
for the District of Colorado
(D.C. No. 96-S-1145)

---

Submitted on the briefs.[*]

Paul McWilliams, *pro se*.

---

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

---

**BRORBY**, Circuit Judge.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff-Appellant Paul McWilliams initiated this *pro se* action while he was a prison inmate in the custody of the Colorado Department of Corrections. The district court construed Mr. McWilliams' complaint as both a civil rights claim pursuant to 28 U.S.C. § 1983 (1994) and an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1994), *amended by* the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996). The court then dismissed both aspects of Mr. McWilliams' complaint, which dismissal Mr. McWilliams now appeals. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 (1994).

Mr. McWilliams is suing for his "wrongful incarceration" caused by the State of Colorado and State Governor Romer's "imposition of an ex post facto statute." Mr. McWilliams alleges he was sentenced to a term of two years incarceration on November 4, 1986, pursuant to a plea bargain agreement, that he was released from prison after serving twenty months, and that he was then placed on parole for eighteen months. Mr. McWilliams further alleges that on July 1, 1987, Governor Romer signed "an ex post facto parole amendment into effect." Mr. McWilliams contends that, absent effect of the "ex post facto" law, his sentence was discharged on November 4, 1988, regardless of whether he was in prison or parole. Mr. McWilliams also alleges he was charged with a parole

violation in July of 1989, and that he was subsequently arrested for felony eluding, convicted, and sentenced to ten years incarceration. Mr. McWilliams asserts his sentence for the felony eluding conviction was increased because of his parole status and would have been for a period of only five years if he had not been "illegally" on parole at the time of the offense. He seeks damages, declaratory relief and an order directing the Colorado courts to vacate and set aside both the criminal conviction for which he was sentenced in 1986 and the felony eluding conviction.

Mr. McWilliams made substantially similar allegations in a prior suit against Governor Romer and the Colorado Parole Board. *See McWilliams v. Romer*, No. 94-S-2671 (D. Colo. May 10, 1995) (unpublished decision). There too, the district court interpreted Mr. McWilliams' complaint as both a 42 U.S.C. § 1983 civil rights claim and a 28 U.S.C. § 2254 application for a writ of habeas corpus. The district court found the § 1983 claim to be legally frivolous, and dismissed it pursuant to 28 U.S.C. § 1915(d) (1994). It also dismissed Mr. McWilliams' habeas petition pursuant to 28 U.S.C. § 2254 (1994) for failure to exhaust state remedies.

In this case, because Mr. McWilliams proceeded *in forma pauperis*, the district court looked to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (1994), *amended by* the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), in considering that portion of his complaint it construed as a § 1983 action. Section 1915(e)(2) requires a court to dismiss *sua sponte* any *in forma pauperis* action that is frivolous or malicious. "[R]epetitious litigation of virtually identical causes of action" may be dismissed under § 1915 as frivolous or malicious. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (internal quotation marks omitted); *see also Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) ("Section 1915(d) [the precursor of present § 1915(e)] is aimed at the dismissal of 'frivolous, malicious, or repetitive lawsuits.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). The district court found Mr. McWilliams' § 1983 claim consisted of the same allegations he made in *McWilliams v. Romer*. Accordingly, it dismissed his § 1983 claim as frivolous pursuant to § 1915(e). We review the district court's § 1915(e) dismissal for an abuse of discretion. *See Schlicher v. Thomas*, 111 F.3d 777, 779 (10th Cir. 1997).

We agree with the district court that, at least as regards Mr. McWilliams' § 1983 claim against Governor Romer, Mr. McWilliams' present suit is

duplicative of his earlier action, and therefore was appropriately dismissed as frivolous under § 1915(e). However, we note Mr. McWilliams has added the State of Colorado as a defendant and omitted the Colorado Board of Parole. In its order finding Mr. McWilliams' present action duplicative of his prior suit, the district court failed to address this distinction. In any event, under the Eleventh Amendment the State of Colorado is immune from § 1983 claims. *Pride v. Does*, 997 F.2d 712, 715 (10th Cir. 1993). Accordingly, Mr. McWilliams' § 1983 claim against the State of Colorado is frivolous and should be dismissed pursuant to § 1915(e) regardless of whether it is repetitive, which issue we therefore do not address. *See United States v. Sandoval*, 29 F.3d 537, 542 n.6 (10th Cir. 1994) ("We are free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court." (Internal quotation marks omitted.)).

We now turn our attention to Mr. McWilliams' 28 U.S.C. § 2254 habeas application. The district court found Mr. McWilliams' present habeas claim was the same as in his prior suit, *McWilliams v. Romer*, which was dismissed for failure to exhaust state remedies. Pursuant to 28 U.S.C. § 2244(b)(1), *amended by* the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), the district court dismissed that portion of Mr.

McWilliams' complaint it had construed as an application for a writ of habeas corpus. Section 2241(b)(1) states: "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." We find the district court's dismissal was error.

Under the district court's interpretation of amended §§ 2244 and 2254, a litigant who fails to completely exhaust state remedies prior to seeking a writ of habeas corpus will be forever barred from obtaining the writ. The requirement that petitioners exhaust their state law remedies prior to seeking a federal habeas writ serves federal/state comity, *Rose v. Lundy*, 455 U.S. 509, 518 (1982). The district court's ruling takes that requirement far beyond its purpose. We instead accept the view espoused by every circuit that has considered this issue since enactment of the Antiterrorism and Effective Death Penalty Act: a habeas petition filed after a prior petition is dismissed without prejudice for failure to exhaust state remedies does not qualify as a "second or successive" application within the meaning of § 2244(b)(1). *See In re Gasery*, 116 F.3d 1051, 1051 (5th Cir. 1997); *Christy v. Horn*, 115 F.3d 201, 208 (3d Cir. 1997); *Benton v. Washington*, 106 F.3d 162, 164 (7th Cir. 1996); *In re Turner*, 101 F.3d 1323 (9th Cir. 1996) (as amended 1997); *Dickinson v. Maine*, 101 F.3d 791 (1st Cir. 1996); *Camarano v. Irvin*, 98 F.3d 44, 45-46 (2d Cir. 1996). Rather, it is simply a

continuation of the earlier petition. *Gasery*, 116 F.3d at 1052; *Benton*, 106 F.3d at 164.

Accordingly, we hold that portion of Mr. McWilliams' pleadings the district court construed as a petition for a writ of habeas corpus was not a "second or successive" habeas application. Therefore the district court's dismissal of Mr. McWilliams' habeas petition pursuant to § 2244(b)(1) was error. In so holding, we note the record indicates Mr. McWilliams has taken further state law action since his prior suit. However, we leave to the district court the determination of whether Mr. McWilliams has in fact exhausted state remedies. *See Dickinson*, 101 F.3d at 791 n.1 (citing *Hatch v. Oklahoma*, 92 F.3d 1012, 1016 (10th Cir. 1996)).

We **AFFIRM** the district court's dismissal of Mr. McWilliams' § 1983 claim.

We **REVERSE** and **REMAND** the district court's dismissal of Mr. McWilliams' § 2254 application for a writ of habeas corpus for such further proceedings as may be just and proper.