**UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-8080
_____

Serafin Flores,                              *
                                             *
            Petitioner,                      *
                                             *  Appeal from the United States
       v.                                    *  District Court for the
                                             *  Southern District of Iowa
                                             *
United States of America,                    *            [UNPUBLISHED]
                                             *
                                             *
            Respondent.                      *

_____

Submitted: August 20, 1997
                                   Filed: August 26, 1997
_____

Before BEAM, MORRIS SHEPPARD ARNOLD, and LOKEN, Circuit Judges.

_____

PER CURIAM.

       Serafin Flores, a federal prisoner, appeals from a district court[1]
order dismissing a second 28 U.S.C. § 2255 motion because Flores had not
sought certification from this court prior to filing the motion.  We
reverse and remand.

       A  jury  found  Flores  guilty  of  conspiracy  to  distribute
methamphetamine.  While

_____

      [1] The Honorable Harold D. Vietor, United States District Judge for the Southern
District of Iowa.

Flores's direct appeal was pending before this court, a 28 U.S.C. § 2255 motion was filed in the district court on behalf of Flores.[2] Finding that it lacked jurisdiction to review the § 2255 motion while the direct appeal was pending, the district court dismissed the motion without prejudice to Flores's right to file a § 2255 motion if his conviction was affirmed. Subsequently, this court dismissed the direct appeal as untimely filed. United States v. Flores, No. 95-3123, 1996 W.L. 102420 (8th Cir. March 11, 1996) (unpublished per curiam). After the Anti-terrorism and Effective Death penalty Act was enacted, Flores filed the second § 2255 motion in the district court. The court dismissed the second motion because Flores had not sought certification from this court pursuant to 28 U.S.C. § § 2255 and 2244(b).

We hold that a habeas petition which is filed after a prior petition has been dismissed without prejudice does not qualify as "second or successive" habeas application within the meaning of § § 2255 and 2244(b). See McWilliams v. Colorado, ___ F.3d ___, 1997 WL 452575 at *2 (10th Cir. August 11, 1997) (collecting cases holding that 28 U.S.C. § 2254 habeas petition filed after prior petition was dismissed without prejudice for failure to exhaust state remedies is not "second or successive" petition within meaning of 28 U.S.C. § 2244(b)(1)). Accordingly, we reverse the decision of the district court and remand for further proceedings.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2] Flores maintains that he did not authorize the filing of the first § 2255 motion.