**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 10 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DOUGLAS WEST,

      Plaintiff-Appellant,

v.

CLYDE ADAMSON, Deputy Sheriff
Murray County; ED BRISTOL,
Sheriff, Murray County,

      Defendants-Appellees.

No. 97-7038
(E. District of Oklahoma)
(D.C. No. 93-CV-713-S)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

---

      After examining the briefs and the appellate record, this three-judge panel has unanimously determined that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Douglas West, proceeding *pro se*, appeals the district court's dismissal of his complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. 1915(e). West's complaint, brought pursuant to 42 U.S.C. § 1983, alleged that the defendants, Clyde Adamson and Ed Bristol, withheld three pieces of his outgoing mail and at least one piece of his incoming mail, thereby precluding West from developing evidence crucial to his defense. West further alleged that the defendants showed the three outgoing letters to his wife in an attempt to get her to divorce West. West prayed for monetary relief as well as the reversal of his conviction.

Upon review of West's complaint, the district court concluded that West sought both habeas relief and relief pursuant to § 1983. As to West's claim for habeas relief, the district court dismissed the petition on the grounds that West had not exhausted his state court remedies. The district court then proceeded to stay West's § 1983 claims pursuant to *Heck v. Humphrey*, 114 S. Ct. 2364, 2372 (1994) (When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."). After the state district court denied West's petition for post-conviction relief, the district court revisited the stayed § 1983 claims. As to West's claims that the defendants acted to destroy his marriage, the district court dismissed the claim as frivolous pursuant to 28 U.S.C. § 1915(e) on the grounds

that West's claims were vague, conclusory, and lacked an arguable basis either in law or fact. As to the remainder of West's § 1983 claims, the district court dismissed without prejudice to refiling should West ultimately prevail on his habeas corpus claims in either state or federal court. West appeals. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and **affirms**.

This court has reviewed the parties briefs and contentions and the entire record on appeal.[1] Based on that review, we affirm for substantially the reasons set forth in the district court's orders dated April 28, 1994, and January 22, 1997. We further find that this appeal is frivolous or fails to state a claim under 28 U.S.C. § 1915(e)(2)(B) for purposes of counting "prior occasions" under 28 U.S.C. § 1915(g).

ENTERED FOR THE COURT:

Michael R. Murphy
Circuit Judge

---

[1]This court reviews *de novo* the district court's dismissal pursuant to Fed. R. Civ. P. 12(b)(6). *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). We review the district court's § 1915(e) dismissal of West's claim relating to the defendant's alleged attempt to destroy his marriage for abuse of discretion. *McWilliams v. Colorado*, No. 96-1328, 1997 WL 452575, at *1 (10th Cir. Aug. 1, 1997).