**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 12 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DARRYL MONTGOMERY,

     Plaintiff-Appellant,

v.

STEVE KAISER; TAYLOR
CHANDLER; RACHEL DURANT;
WILLIAM VOCULES; A. FOSTER,

     Defendants-Appellees.

No. 99-7099
(D.C. No. 98-CV-531-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , **ANDERSON** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging violation of his Fourteenth Amendment right to due process. [1] The district court dismissed the complaint under 28 U.S.C. § 1915(e) as frivolous, stating that it was without merit and lacked an arguable basis in fact or law. We review the § 1915(e) dismissal for an abuse of discretion. *See McWilliams v. Colorado*, 121 F.3d 573, 574-75 (10th Cir. 1997). Guided by this standard, we reverse and remand.

Plaintiff was incarcerated in the Davis Correctional Facility in Oklahoma when an individual outside the prison sent him an envelope in the mail containing $1,200 in cash, which plaintiff claims was to enable him to hire an attorney. Prison officials completed a "Correspondence/Package/Contraband Denial Form," informing plaintiff that the correspondence had been reviewed and denied pursuant to prison policy that cash cannot be sent through the facility. The form further indicated that, pending investigation, the reason for denial of the correspondence was "Plans for sending contraband in or out of the facility." R. Vol. I, attachment to complaint. The form asked whether plaintiff wished to appeal the denial; plaintiff checked "No." The next form question was whether

---

[1] The district court assumed that defendants, who are employees of a private prison, acted under color of state law and were thereby open to liability under § 1983. For purposes of this appeal, we make the same assumption. In light of our reversal, however, the district court will need to address this question on remand. *See Richardson v. McKnight*, 521 U.S. 399, 413 (1997).

plaintiff wished to pay to have the correspondence returned; plaintiff checked "Yes."

Apparently while the contraband investigation was still pending, plaintiff was transferred out of the Davis Correctional Facility and eventually to the Oklahoma State Prison. Plaintiff wrote numerous letters and made official requests to the correctional facility, asking that his property be returned to him. Eventually, he received his personal belongings, but he never received the cash, which was deposited in the inmate welfare fund at the correctional facility. Plaintiff attempted to file a grievance with the correctional facility, but was informed that the grievance was untimely because it was not filed within seven days. Plaintiff explains that he saw no need to file a grievance after he completed the denial form asking that the money be returned to the sender. It was only after he learned the money had not been returned but had been forfeited that he realized the need for action.

In their brief on appeal, defendants state that "the money which had been confiscated at the Davis Correctional Facility was deposited into the inmate welfare fund in accordance with the policy and procedure at Davis Correctional Facility regarding contraband." Appellee's Br. at 2. Plaintiff challenges the policy by which he was relieved of his money without predeprivation process as violative of his right to procedural due process.

Plaintiff has a property interest in money received from people outside the prison. *See Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989). There can be no question that a deprivation of property without due process gives rise to a claim under § 1983. *See id.* at 939. In dismissing plaintiff's complaint as frivolous, the district court relied on the holding of *Hudson v. Palmer*, 468 U.S. 517 (1984), finding that "neither negligent [nor] intentional deprivation of a prisoner's property under color of state law gives rise to a due process violation, if state law provides an adequate post-deprivation remedy." R. Vol. I, district court order at 2. The district court erred in applying *Hudson* to this case.

We have interpreted *Hudson* as holding that "neither negligent nor intentional deprivations of property under color of state law *that are random and unauthorized* give rise to a § 1983 claim where the plaintiff has an adequate state remedy." *Gillihan*, 872 F.2d at 939 (emphasis added) (citing *Hudson*, 468 U.S. at 533, and *Parratt v. Taylor*, 451 U.S. 527, 541 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)). In *Hudson*, the Supreme Court addressed "random and unauthorized deprivations of property rather than deprivations according to some established state policy, procedure, or custom." *Gillihan*, 872 F.2d at 939.

> [W]hen the deprivation is not random and unauthorized, but is pursuant to an affirmatively established or *de facto* policy, procedure, or custom, the state has the power to control the deprivation and, therefore, generally must, in the absence of compelling reasons to the

> contrary, give the plaintiff a predeprivation hearing. In such cases, the availability of an adequate state post-deprivation remedy is irrelevant and does not bar a § 1983 claim.

*Id.* at 939-40 (citations omitted). This case does not involve random or unauthorized actions by the prison officials. Here, prison officials took plaintiff's money pursuant to the policy in place at the Davis Correctional Facility. *See* Appellee's Br. at 2. Plaintiff challenges the manner in which he was deprived of his money in this § 1983 action, and defendants acknowledge that the money was deposited into the inmate welfare fund in accordance with prison policy.

Because plaintiff was deprived of his money not as the result of a random or unauthorized act by prison officials, but pursuant to policy of the Davis Correctional Facility, *Hudson* and its progeny do not apply to this case. *See Gillihan*, 872 F.2d at 939-40. Consequently, the district court's dismissal of this action as frivolous based on *Hudson* was an abuse of discretion. We REVERSE the district court's dismissal of the complaint as frivolous under § 1915(e) based

on *Hudson* and REMAND for further proceedings consistent with this order and judgment.

Entered for the Court


Stephen H. Anderson
Circuit Judge
