**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 19 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

THOMAS LESTER PUGH, suing as:
Tom Lester Pugh,

Petitioner-Appellant,

v.

GARY L. GIBSON, Warden,
Oklahoma State Penitentiary; THE
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA, sued as:
Drew Edmondson, Attorney General of
the State of Oklahoma,

Respondents-Appellees.

No. 99-5229
(D.C. No. 96-CV-976-K)
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **BALDOCK** , **KELLY** , and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner, Tom Lester Pugh, appeals the district court's dismissal of his habeas corpus petition brought pursuant to 28 U.S.C. § 2254. We grant a certificate of appealability as to all issues but one and affirm.

In 1972, petitioner was sentenced to life imprisonment after his conviction in Oklahoma state court of first degree malice aforethought murder. His conviction was affirmed by the Oklahoma Court of Criminal Appeals. Petitioner's first federal habeas petition, filed prior to the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA), was dismissed without prejudice for failure to exhaust state remedies. When attempts to secure state post-conviction relief proved unavailing, petitioner filed a second habeas petition in the federal district court. The second federal petition was filed after the enactment of AEDPA. The first issue we address is whether AEDPA applies to this petition.

Petitioner argues that, because his first federal petition was filed pre-AEDPA, that Act should not apply. He maintains that the filing date of his second federal petition should relate back to the date of his first filing, and that the district court erred in applying AEDPA to his petition. We disagree.

Since petitioner filed his brief, the Supreme Court in *Slack v. McDaniel*, 120 S. Ct. 1595 (2000), has clarified the status of petitions such as this one. In *Slack*, the petitioner filed a pre-AEDPA habeas petition in the district court. The court dismissed the petition without prejudice because of exhaustion problems. Petitioner eventually filed a second amended petition after the enactment of AEDPA. In addressing whether the second petition was successive the Court stated: "A petition filed after a mixed petition has been dismissed under *Rose v. Lundy* before the district court adjudicated any claims is to be treated as 'any other first petition' and is not a second or successive petition." *Id.* at 1605. *See also McWilliams v. Colorado*, 121 F.3d 573, 575 (10th Cir. 1997). Indeed, the Supreme Court counseled that it is "more appropriate to treat the initial mixed petition as though it had not been filed." *Slack,* 120 S. Ct. at 1606. Petitioner's first petition, therefore, filed pre-AEDPA, is of no consequence. Treating his second petition, filed post-AEDPA, as "any other first petition," the district court correctly applied AEDPA.

In addition to his AEDPA argument, petitioner advances the following issues: (1) pretrial publicity denied him a fair trial; (2) the state suppressed evidence concerning promises of immunity to certain prosecution witnesses; (3) prejudicial closing argument denied him a fair trial; (4) the state's refusal to afford him a timely parole hearing violated his rights under the Fourteenth

Amendment; (5) the state suppressed exculpatory eyewitness testimony; and

(6) petitioner was denied effective assistance of trial counsel.

The district court rejected petitioner's first four constitutional claims on the merits; the remaining claims were held to be procedurally barred under Oklahoma law. Because AEDPA governs this case, petitioner must seek a certificate of appealability in order to obtain review of the dismissal of his habeas petition. *See id.* at 1603 (applying 28 U.S.C. § 2253(c)).

For those claims decided on the merits by the district court, petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 1604.

> "[W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Adams v. LeMaster*, No. 99-2348, 2000 WL 1174646, at *2 (10th Cir. Aug. 18, 2000) (quoting *Slack*, 120 S. Ct. at 1604).

We have reviewed the record in this case and the issues brought before us and conclude that, with respect to petitioner's first four claims, reasonable jurists could "find it debatable whether the petition states a valid claim of the denial of a constitutional right," *see id.*, and we, therefore grant a certificate of

appealability as to those issues.  We also hold that reasonable jurists could find it debatable whether the district court erred in dismissing petitioner's claim of ineffective assistance of trial counsel on the basis of procedural bar, and we also grant a certificate of appealability as to that issue.  With regard to the issue of suppression of exculpatory eyewitness testimony, we hold that the district court was correct to invoke procedural bar to dispose of that claim and that no reasonable jurist could find the correctness of the district court's procedural ruling debatable.  We therefore deny a certificate of appealability as to that issue and dismiss the claim on appeal.  We now address petitioner's remaining claims.

Under AEDPA, petitioner will not be entitled to habeas relief unless the state court's adjudication of the merits of his claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established" Supreme Court precedent or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme]

> Court's decisions but unreasonably applies that principle
> to the facts of the prisoner's case.

*Williams v. Taylor*, 120 S. Ct. 1495, 1523 (2000).

Petitioner first argues that his trial was tainted by pretrial publicity and that he should have been granted a change of venue. On direct appeal, the Oklahoma Court of Criminal Appeals found that "all jurors composing the final panel stated that they would decide the case based upon the evidence presented at trial and not from what they may have heard or read." *Pugh v. State*, 528 P.2d 719, 727 (Okla. Crim. App. 1974). That court found further that "there is no evidence that the jury did not reach a verdict based solely on the evidence presented in court." *Id.*

After reviewing the record on appeal, we agree with the district court that this decision by the Oklahoma Court of Criminal Appeals was neither contrary to nor an unreasonable application of clearly established Supreme Court precedent and did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the Oklahoma state court proceedings. *See* 28 U.S.C. § 2254(d).

As his second argument, petitioner contends that his right to a fair trial was violated when the state suppressed evidence regarding promises of immunity to two state witnesses who testified against him. On direct appeal, the Oklahoma Court of Criminal Appeals found that "the jury was fully advised as to the past

-6-

records of the witnesses . . . ; that they had actions pending against them, both in Oklahoma and other states; and that they hoped to get something for their testimony in the instant case." *Pugh*, 528 P.2d at 724. Based on these facts, the court held that no information material to the guilt or punishment of petitioner had been withheld from the jury. *See id.* Our review of the record again compels us to agree with the district court that this adjudication cannot be the basis for federal habeas relief. *See Williams*, 120 S. Ct. at 1523.

The third issue on which we have granted a certificate of appealability is petitioner's claim that a prejudicial closing argument denied him a fair trial. Specifically, petitioner charges that the prosecution's appeal to societal alarm in his closing remarks abridged his right to due process. The Oklahoma Court of Criminal Appeals rejected this claim because defense counsel had not objected to the statements by the prosecutor nor had he asked that the jury be admonished. *See Pugh*, 528 P.2d at 727.

Without explaining why it disregarded the finding of procedural default by the Oklahoma Court of Criminal Appeals, the district court addressed the merits of this claim. *See Pickens v. Gibson,* 206 F.3d 988, 1001 (10th Cir. 2000) (affirming denial of habeas relief in part and reaching merits of ineffective assistance claim after Oklahoma court had held it to be procedurally defaulted). As did the district court, we have thoroughly examined the proceedings in this

case and conclude that the isolated remarks complained of by petitioner did not make petitioner's "trial so fundamentally unfair as to deny him due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 645 (1974). The decision by the Oklahoma court to deny petitioner relief on this claim will not support the grant of a writ of habeas corpus under the standards of 28 U.S.C. § 2254(d).

Petitioner next argues that the state's refusal to afford him a timely parole hearing violates the Fourteenth Amendment and justifies a release from custody. The Oklahoma Court of Criminal Appeals rejected this claim on the merits. As discussed by the district court, the facts underlying petitioner's claim to a mandatory parole hearing no later than December 1987 are in such disarray we cannot possibly conclude that the decision by the Oklahoma Court of Criminal Appeals on this issue is either contrary to or an unreasonable application of clearly established federal law or is based on an unreasonable determination of the facts in light of the evidence presented in the Oklahoma proceedings. *See* 28 U.S.C. § 2254(d).

We now turn to petitioner's claim of ineffective assistance of trial counsel. Petitioner raised this claim for the first time in his state post-conviction proceeding. The Oklahoma Court of Criminal Appeals held the issue to be procedurally barred because it had not been raised on direct appeal.

In adjudicating this claim, the district court applied *English v. Cody*, 146 F.3d 1257 (10th Cir. 1998), to determine whether Oklahoma's procedural bar would preclude review of petitioner's ineffective assistance claim. In concluding that it would, the district court held that petitioner's case met the two *English* conditions for such preclusion: because petitioner's original trial lawyer had new co-counsel on appeal, petitioner had an opportunity to confer with separate counsel on appeal; and the ineffectiveness claim could be resolved on the trial record alone. The court thus held petitioner's ineffective assistance claim to be procedurally barred.

This court has not resolved whether the presence of new co-counsel on appeal along with the original trial counsel complies with the "new-attorney-on-appeal" requirement of *English*. Nor do we do so here. Instead, we address the merits of petitioner's ineffective assistance of counsel claim and agree with the district court that petitioner is not entitled to habeas relief.

Petitioner argues that his trial counsel failed to adequately investigate, prepare and present the testimony of Karl Tiger, and that this was deficient performance which prejudiced petitioner. In order to make this showing, petitioner must establish that "counsel's representation fell below an objective standard of reasonableness. To establish prejudice he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result

-9-

of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Williams,* 120 S. Ct. at 1511-12 (quotation omitted).

The state's theory of this case was that petitioner and an accomplice, Albert McDonald, donned ski masks and trench coats, entered the victim's home, shot him in the head and left together. Police records in this case indicate that two young boys were playing in the yard outside the victim's apartment on the night of the murder and witnessed a person or persons leaving the apartment shortly after hearing a series of "pops." One of the boys was Kenny Simpson who testified at the preliminary hearing of the man originally charged in this case, one Beaufort Bourland. The other youngster was Karl Tiger. Petitioner met Tiger years later when both were incarcerated in the same prison. As part of his state post-conviction proceeding, petitioner presented an affidavit of Mr. Tiger stating that he had seen only one man leave the house that night. Tiger further stated that, when shown a photographic lineup containing a picture of petitioner the day after the murder, he failed to identify petitioner as someone he had seen the night of the crime.

As mentioned above, petitioner was convicted in 1972. More than twenty years later, in 1994, petitioner filed his first application for post-conviction relief in state court. By that time, many of the records of this case were no longer

available, apparently only one copy of the trial transcript remained, which petitioner's counsel described as in "sad condition," Appellant's App. Vol. I at 238, and petitioner's trial counsel had died. Our review of the evidentiary hearing held in the state district court, however, convinces us that petitioner has failed to establish that his trial attorney was ineffective.

Petitioner's attorney did not ignore the value of Karl Tiger as a defense witness and, in fact, issued a subpoena for his appearance. A second subpoena was also issued for Karl Tiger, on behalf of defendant McDonald. Although the copy in the record is illegible, the representation by petitioner's counsel at the hearing was that the return of service on the second subpoena indicated that Karl Tiger could not be found. *Id.* at 249.

When efforts to locate the young Karl Tiger proved fruitless, petitioner's attorney chose to read into the record the testimony from Kenny Simpson, which Kenny had given at the preliminary hearing for Beaufort Bourland. [1] While confusing and sometimes inconsistent, the thrust of Kenny's testimony was that he saw one old grey-haired man leave the apartment after the shooting--not the two younger men in ski masks as the state was trying to prove. Given the situation facing him, this was the best petitioner's attorney could do in an attempt

---

[1] Kenny Simpson had also apparently moved from Tulsa with his mother by the time of trial and could not be located.

to get the potentially exculpatory evidence before the jury. Petitioner has failed to show that trial counsel's representation fell below an objective standard of reasonableness. Although for different reasons, we affirm the finding of the district court that petitioner's claim of ineffective assistance of trial counsel does not warrant federal habeas relief.

As to the claim upon which we have denied a certificate of appealability, that the state suppressed the testimony of Karl Tiger, we agree that petitioner should have raised that claim on direct appeal and thus is procedurally barred from having it considered pursuant to a § 2254 petition. References to Karl Tiger are in the trial record, *see* Tr. at 539; *see also* Preliminary Information charging Beaufort Bourland with Murder (loose document labeled "Defendant's Exh. 2").

Petitioner does not argue that there was cause and prejudice for his default or that failure to review this claim on federal habeas would result in a fundamental miscarriage of justice. He argues instead that the Oklahoma courts reached the merits of this claim. This argument is unavailing. The Oklahoma Court of Criminal Appeals listed the three issues brought in the post-conviction proceedings, discussed the facts of petitioner's suppression claim briefly, and then stated: "Petitioner has failed to show that he is entitled to any relief in a post-conviction proceeding. He has not raised any issues that he did not or could not have raised in his appeal." Appellant's App. Vol. II at 326. The fact

that the court then went on to discuss the merits of this issue as an alternative holding does not vitiate the initial finding of procedural bar. *See Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989) (noting that "a state court need not fear reaching the merits of a federal claim in an *alternative* holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law.").

Petitioner's request for a certificate of appealability is granted as to all issues except the claim of suppression of eyewitness testimony. As to that claim, the request for a certificate of appealability is denied, and that portion of this appeal is DISMISSED. The balance of the judgment of the United States District Court for the Northen District of Oklahoma is AFFIRMED.

Entered for the Court

Robert H. Henry
Circuit Judge