**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 28 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KENNETH SMITH,

      Plaintiff-Appellant,

v.

JAMES SAFFLE, Director, Department
of Corrections; DELORES RAMSEY,
Director Designee for DOC; JANICE
MELTON, Warden of Bill Johnson
Correctional Center; DALE COURSON,

      Defendants-Appellees.

No. 99-7102

(D.C. No. 98-CV-348-S)

(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **HOLLOWAY**, and **BALDOCK**, Circuit Judges.

Plaintiff Kenneth Smith was an inmate at the Bill Johnson Correctional Center

in Oklahoma City, Oklahoma, a drug offender work camp. Another inmate, Anthony

Delatorre, attacked Plaintiff with a sheetrock saw that Delatorre had obtained ostensibly

to work on a project in the food service building. Plaintiff responded by striking

Delatorre and overcoming his advance. Both men incurred minor injuries. Prison

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

officials charged both men with battery misconduct and disciplined them in compliance with prison regulations.

Plaintiff subsequently filed suit under 42 U.S.C. § 1983, alleging a violation of his Eighth Amendment rights. See U.S. Const. amend. VIII. Specifically, Plaintiff alleged that prison officials failed to protect him from serious bodily harm by ignoring the risk to his safety which the unsupervised Delatorre presented. Following receipt of a Martinez Report, see Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978), the district court dismissed the action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). We exercise jurisdiction under 28 U.S.C. § 1291. We review a dismissal under § 1915(e)(2)(B)(i) for an abuse of discretion, see McWilliams v. Colorado, 121 F.3d 573, 574-75 (10th Cir. 1997). Applying this standard, we affirm.

I.

The Bill Johnson Correctional Center is a minimum security facility. A sheetrock saw is a "Class B" tool. Class B tools within a minimum security facility are defined as "[t]ools that are hazardous and could be used as a weapon or could pose a serious security risk if allowed to be introduced into the general population." Class B tools require "general supervision," that is too say a "supervisor will be present within the defined work area." In contrast, Type A tools pose a serious security risk if not properly supervised. Class A tools must "be supervised by staff in the work area, in a proximity and frequency of observation that will make usage of the tool for other than its intended

purpose unlikely.

The Martinez report reveals that on February 3, 1998, prison officials directed Delatorre to complete a work order for the repair of sheetrock in the food service building. Around 8:30 a.m., the supervising officer, Defendant Dale Courson, instructed Delatorre to check out the tools required for the job from the maintenance tool room. Delatorre checked out a sheetrock saw, as well as some Class C tools which require no direct supervision. Thereafter, Courson escorted Delatorre through the yard to the food service building where Delatorre remained until around 10:15 a.m. Courson then directed Delatorre to return the tools to maintenance. Around 3:30 p.m., Courson escorted Delatorre into the yard a second time and instructed him to proceed to the food service building. Food service supervisors were present in the food service building at all times. Each time Courson and Delatorre entered and exited the yard through a sally port, where a gate officer checked the tools and compared them to a tool list. Around 5:00 p.m., Courson received word of the incident between Plaintiff and Delatorre.

## II.

Not every injury that one prisoner suffers at the hands of another prisoner results in constitutional liability against prison officials responsible for prisoner safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). To prevail on a constitutional claim based on prison officials' failure to prevent injury, a prisoner must establish that (1) the conditions under which he was incarcerated posed a substantial risk of serious bodily harm, and

3

(2) prison officials acted with "deliberate indifference" in ignoring that risk. Id. The first component is objective, i.e., whether the risk is sufficiently serious, and the second component is subjective, i.e., whether officials acted with a culpable state of mind. Perkins v. Kansas Dept. of Corr., 165 F.3d 803, 809 (10th Cir. 1999).

Negligence on the part of prison officials does not constitute deliberate indifference. Eighth Amendment liability requires "more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986). A prison official is not liable under the Eighth Amendment for unsafe conditions of confinement "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. An official's failure to alleviate a significant or obvious risk that he should have perceived but did not, while no cause for commendation, does not constitute a violation of the Eighth Amendment. Id. at 838.

## III.

Based on the foregoing, we agree with the district court that the uncontroverted facts establish as a matter of law that prison officials at the minimum security facility, while perhaps careless in supervising Delatorre, were not "deliberately indifferent" to any threat to Plaintiff's or other inmate's personal safety. In other words, the evidence is insufficient to permit a trier of fact to find that prison officials, including Courson, had

4

any actual knowledge of the risk which Delatorre posed. Plaintiff has presented no evidence to show that "a substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past." Id. at 842. Nor do the facts suggest that prison officials had been exposed to information concerning the risk to Plaintiff or any ongoing feud between Plaintiff and Delatorre. See Grimsley v. MacKay, 93 F.3d 676, 681 (10th Cir. 1996) (noting that constitutional liability may exist "where prison officials have disregarded repeated warnings of danger to a particular prisoner and continually refuse to make the situation safe"). On this record, we have no choice but to conclude that prison officials neither knew of nor disregarded an excessive risk to inmate safety. See Farmer, 511 U.S. at 837.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge