**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 2, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

AARON J. DURHAM,

       Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA;
JEFFREY B. WHEATON, Dr.,
D.D.S.; ARDENT HEALTH
SERVICES, LLC; STATE OF
NEVADA; STATE OF NEW
MEXICO; HEALTHCARE FOR THE
HOMELESS; UNIVERSITY OF NEW
MEXICO HEALTH SCIENCES;
UNIVERSITY OF KANSAS
MEDICAL CENTER; STATE OF
CALIFORNIA,

       Defendants - Appellees.

No. 06-2299
(D.C. No. CIV-06-290 MCA/ACT)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **EBEL**, and **McCONNELL**, Circuit Judges.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff-Appellant Aaron Durham, proceeding *pro se* and *in forma pauperis*, appeals the district court's *sua sponte* dismissal of his suit pursuant to 28 U.S.C. § 1915(e)(2).[1]  Mr. Durham claimed in his action under 42 U.S.C. § 1983 that the Defendants-Appellees violated his constitutional rights by, *inter alia*, surgically implanting "optical electron microcircuits" in fillings in his teeth and utilizing the signals broadcast by these devices to monitor Mr. Durham's location and speech, in service of a larger project of investigating and prosecuting Mr. Durham as an enemy combatant.

We review dismissal pursuant to 28 U.S.C. § 1915 for abuse of discretion. McWilliams v. State of Colorado, 121 F.3d 573, 574-75 (10th Cir. 1997).  Under the abuse of discretion standard, "a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances."  United States v. Weidner, 437 F.3d 1023, 1042 (10th Cir. 2006) (quoting McEwen v. City of Norman, 926 F.2d 1539, 1553-54 (10th Cir.

[1]Section 1915(e)(2) provides, in relevant part:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

(B) the action or appeal--
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

1991)).  "An abuse of discretion occurs when the district court's decision is arbitrary, capricious, or whimsical, or results in a manifestly unreasonable judgment."  Id. (quoting Moothart v. Bell, 21 F.3d 1499, 1504 (10th Cir. 1994)).

Finding no evidence of caprice, whimsy, or a clear error in judgment in the district court's ruling, we AFFIRM its dismissal of Mr. Durham's complaint under § 1915(e)(2).

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge