FILED
United States Court of Appeals
Tenth Circuit

August 21, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOSHUA LAMONT SUTTON,

    Plaintiff - Appellant,

v.

DR. RICHARD POUNDS; MANUEL
ESPINOZA; KAREN PARTEN (OR
PORTER); LARRY MINAZUMI,

    Defendants - Appellees.

No. 18-1174
(D.C. No. 1:17-CV-02378-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

Joshua Sutton appeals the district court's dismissal of his 42 U.S.C. § 1983

suit. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

Sutton alleges that, while he was an inmate of the Colorado Department of

Corrections ("CDOC"), he received treatment from defendants at the Colorado

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mental Health Institute at Pueblo ("CMHIP"). He contends that defendants diagnosed him with mental illnesses but did not inform him of these diagnoses. Sutton claims that he was then sent back to prison, even while other patients were not. He further avers that he was abused in prison, both by other inmates and prison staff.

Sutton filed a complaint in district court, alleging that defendants had violated his Eighth Amendment rights by subjecting him to cruel and unusual punishment. After the district court ordered Sutton to file an amended complaint, he added due process and equal protection claims. The district court dismissed Sutton's claims as frivolous under 28 U.S.C. § 1915(e)(2)(B). Sutton now appeals.

## II

We review the dismissal of a suit under § 1915(e)(2)(B) for abuse of discretion. McWilliams v. Colorado, 121 F.3d 573, 574-75 (10th Cir. 1997). Because Sutton is pro se, we construe his filings liberally but stop short of acting as his advocate. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Sutton argues that the district court abused its discretion by dismissing the suit without granting him further leave to amend. He claims that, because he had no access to the law library at the time, he was unable to submit a proper amended complaint. But the district court appropriately identified the factual deficiencies in the original complaint and provided Sutton with an opportunity to correct them. See Hall, 935 F.2d at 1110 ("[A] pro se plaintiff requires no special legal training to

2

recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted.").

We further conclude the district court did not err in dismissing Sutton's claims. Because Sutton failed to advance specific allegations that defendants personally participated in creating his conditions of confinement, the district court correctly held that his Eighth Amendment claim could not proceed. Henry v. Storey, 658 F.3d 1235, 1241 (10th Cir. 2011). Although Sutton contends that he was placed in solitary confinement and housed with fellow inmates who assaulted him, he fails to allege that defendants were involved in any housing decisions. As to his equal protection claim, Sutton merely alleges that he was released from CMHIP and sent back to the general prison population while other patients were not. But he has failed to show that these other patients were similarly situated. See Brown v. Montoya, 662 F.3d 1152, 1172-73 (10th Cir. 2011). Finally, despite having been informed by the district court's prior order that a due process claim requires a constitutionally protected interest in life, liberty, or property, Sutton simply noted that he was housed in solitary confinement after having threatened to kill himself. Without more, the district court was correct in holding that Sutton did not plead facts sufficient to state a conditions of confinement claim under DiMarco v. Wyoming Department of Corrections, 473 F.3d 1334, 1342 (10th Cir. 2007).

## III

For the foregoing reasons, the district court's order of dismissal is

**AFFIRMED**.  Sutton's motion to proceed in forma pauperis is **GRANTED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge