FILED
United States Court of Appeals
Tenth Circuit

**July 9, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

TOBI KILMAN,

    Plaintiff - Appellant,

v.

THE COLORADO DEPARTMENT
OF CORRECTIONS; RICK
RAEMISCH, Executive Director of
C.D.O.C.; KELLIE WASKO, Deputy
Executive Director of C.D.O.C.;
TRAVIS TRANI, Prisons Director
of C.D.O.C.,

    Defendants - Appellees.

No. 19-1170
(D.C. No. 1:19-CV-00090-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **MATHESON**, **McKAY**, and **BACHARACH**, Circuit Judges.

_____

This appeal involves a state prisoner's claim for damages under 42

U.S.C. § 1983 based on the state's failure to award good-time credits in

_____

[*]    Oral argument would not materially help us to decide this appeal, so we have decided the appeal based on the appellate briefs and the record on appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

accordance with state law. The district court dismissed the suit as legally frivolous, reasoning that the causes of action were premature, barred by the Eleventh Amendment, and lacking a constitutional claim. We affirm, concluding that the district court did not err in characterizing the suit as legally frivolous.

A suit is legally frivolous when it lacks an arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether the district court erred in dismissing the suit, we apply the abuse-of-discretion standard. *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006). Applying this standard, we affirm the dismissal based on the obvious applicability of the Eleventh Amendment and the absence of a valid constitutional claim.[1]

The Eleventh Amendment prevents suit in federal court against states and state agencies. *E.g.*, *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1195 (10th Cir. 1998). In addition, official-capacity suits for retrospective relief against state officials are considered claims against the states themselves. *Trujillo v. Williams*, 465 F.3d 1210, 1223 (10th Cir. 2006).

---

[1] The district court also ruled that the suit was premature under *Heck v. Humphrey*, 512 U.S. 477 (1994). We need not address this aspect of the ruling. The district court acted within its discretion regardless of whether the suit had been premature. *See McWilliams v. Colorado*, 121 F.3d 573, 575 (10th Cir. 1997) (upholding dismissal based on frivolousness when the claim was clearly barred by the Eleventh Amendment, declining to decide whether the district court had correctly deemed the claim frivolous based on grounds that it was repetitive).

One of the defendants is the Colorado Department of Corrections. This defendant is a state agency, so it cannot be sued in federal court. *See Eastwood v. Dep't of Corrs.*, 846 F.2d 627, 628, 631–32 (10th Cir. 1988) (holding that a federal suit against the Oklahoma Department of Corrections is barred by the Eleventh Amendment). The other three defendants are state officials who are sued for retrospective relief in their official capacities. So Mr. Kilman is also unable to assert these claims in federal court. Given the obvious applicability of the Eleventh Amendment, the district court had the discretion to treat the suit as legally frivolous. *See McWilliams v. Colorado*, 121 F.3d 573, 575 (10th Cir. 1997) (holding that a claim against the State of Colorado was properly dismissed as frivolous because the State was protected by the Eleventh Amendment).

Mr. Kilman argues that Congress could abrogate Eleventh Amendment immunity. But Congress's enactment of § 1983 did not abrogate Eleventh Amendment immunity. *Briscoe v. LaHue*, 460 U.S. 325, 336–37 (1983).

The district court reasoned not only that the suit was barred by the Eleventh Amendment but also that the suit failed because of the absence of a valid constitutional claim. Mr. Kilman argues in his opening brief that the denial of credits resulted in a denial of due process and equal

protection.[2] But he does not explain these theories on appeal, and his complaint in district court did not include allegations of a constitutional violation. The district court thus acted within its discretion in concluding that Mr. Kilman had improperly invoked § 1983 as a remedy for an alleged violation of state law.

\* \* \*

Because the Eleventh Amendment obviously applied and the complaint did not include a constitutional claim, the district court acted within its discretion in dismissing the suit as frivolous.[3] We thus affirm the dismissal.

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[2]     In his complaint, Mr. Kilman alleged that state authorities were violating Colorado law by failing to award good-time credits. But § 1983 does not encompass violations of state law. *Clanton v. Cooper*, 129 F.3d 1147, 1155 n.4 (10th Cir. 1997), *overruled on other grounds by Becker v. Kroll*, 494 F.3d 904, 917–19, 922–24 (10th Cir. 2007).

[3]     Though we affirm the dismissal, we grant leave to proceed in forma pauperis.