**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 24, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GAYE LYNN DILEK BREWER,

     Plaintiff - Appellant,

v.

UNITED STATES POSTAL
INSPECTOR, TABITHA HOLT, and
ANN DALEY,

     Defendant - Appellees.

No. 19-5096
(D.C. No. 4:19-CV-00513-CVE-JFJ)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **PHILLIPS**, and **EID**, Circuit Judges. [**]
_____

Pro se plaintiff Gaye Lynn Dilek Brewer filed a complaint against the United

States Postal Inspector and certain postal workers in the United States District Court for

the Northern District of Oklahoma.  The district court dismissed Brewer's complaint

under 28 U.S.C. § 1915 for failure to state a claim on which relief can be granted.  We

affirm.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

**I.**

Brewer's complaint relates to her inability to collect her mail at a post office in Tulsa, Oklahoma on September 12 and 13, 2019. Brewer alleges that on both days a postal employee at the downtown Tulsa office refused to give Brewer her mail. The second day, an employee told Brewer that she would have to change her address and then asked her to leave. Brewer claims that the postal staff did not return her subsequent phone calls.

Brewer's complaint also references "a hate crimes movement" surrounding "false hospice care and the mistreatment of veterans" as well as an "illegal forced eviction around presidential and Governor returning letters to Guide cases and hearings related to War Crimes." She also complains about an incident of disability discrimination that occurred on a city bus but she has not named the bus driver as a party.

Brewer seeks declaratory relief "to stop injury on spinal permanent SSI diagnosis" as well as $500,000 in damages "for denied return calls by Postal Co-Chairs."

**II.**

Brewer sought leave to proceed in forma pauperis under 28 U.S.C. § 1915. When a plaintiff seeks to proceed in forma pauperis, § 1915(e) requires a district court to dismiss the claim if the court determines that the action "(i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "We review the district court's § 1915(e) dismissal for an abuse of discretion." *McWilliams v. State of Colorado*, 121 F.3d 573, 574–75 (10th Cir. 1997).

When determining whether a pro se plaintiff's complaint states a valid claim for relief, the court must "liberally construe[]" the complaint and hold it to a "less stringent standard[] than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, the generous construction applied to a pro se plaintiff's complaint "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

### III.

We agree with the district court that Brewer has failed to state a claim on which relief can be granted. It appears from Brewer's complaint that she had a dispute with postal workers concerning her inability to pick up mail at a certain post office location. But Brewer admits that she had never picked up her mail at that location before. Compl. at 2. Additionally, Brewer was told that she could not "get [her] mail here" and that she would have to "change addresses." *Id.* These alleged facts suggest that there was simply no mail for Brewer to pick up at this post office location. Thus, even construing Brewer's complaint broadly, there does not appear to be any factual basis for a claim against the named defendants.

Moreover, the relief Brewer seeks is unrelated to any dispute over her ability to pick up mail at the post office at issue. Brewer seeks $500,000 in damages for "denied return phone calls by Postal Co-Chairs" and a declaratory judgment "to stop injury on

3

spinal permanent SSI diagnosis." *Id.* These remedies would not rectify Brewer's

inability to pick up mail at a post office location where Brewer admits that she had "never

gotten [her] general delivery mail [] before." *Id.*

## IV.

For these reasons, we affirm the district court's dismissal of Brewer's complaint

under 28 U.S.C. § 1915 for failure to state a claim on which relief may be granted.


Entered for the Court


Allison H. Eid
Circuit Judge