**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**February 3, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

THEODORE DEAN ACOSTA,

    Plaintiff - Appellant,

v.

GLEN WILSON; RICK CLANDSENN;[*]
JOHN DOE; TAMMY ERET,

    Defendants - Appellees.

No. 22-1120
(D.C. No. 1:21-CV-03406-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[**]
_____

Before **HARTZ**, **TYMKOVICH**, and **MATHESON**, Circuit Judges.
_____

Theodore Dean Acosta, a pro se prisoner, appeals from a district-court order

dismissing his amended complaint. He seeks leave to proceed on appeal in forma

pauperis (IFP). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district

court's judgment and deny IFP status.

_____

[*] Although Plaintiff-Appellant designated "Rick Clandsenn" in the complaint as a defendant, the correct spelling of his name is "Riecke Claussen."

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Acosta's amended complaint, the operative complaint in this case, brought several claims arising out of his arrest and prosecution some 20 years or more ago. As set forth in the magistrate judge's report and recommendation, Mr. Acosta has pursued repeated litigation over the years making identical or similar claims. The present claims are likely barred by the statute of limitations or under principles of res judicata. But we need not resolve those issues. One of the grounds for the district court's judgment was that the claims are barred as repetitious litigation, *see McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir 1997) ("Repetitious litigation of virtually identical causes of action may be dismissed under [28 U.S.C.] § 1915 as frivolous or malicious." (original brackets and internal quotation marks omitted)), and Mr. Acosta has not challenged that ruling on appeal. We therefore affirm the judgment below. *See Rivero v. Bd. Of Regents of Univ. of N.M.*, 950 F.3d 754, 763 (10th Cir. 2020) ("If the district court states multiple alternative grounds for its ruling and the appellant does not challenge all those grounds in the opening brief, then we may affirm the ruling.").

We deny Mr. Acosta's motion to proceed IFP, as he has not provided "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991), and we direct him to pay any remaining unpaid balance of the appellate filing fee.  Finally, we deny Mr. Acosta's outstanding motions.

Entered for the Court

Harris L Hartz
Circuit Judge

2