**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 6 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIAM HENRY BYRD, III,

        Plaintiff - Appellant,

v.

CORNELL CORRECTIONS, INC.,
GREAT PLAINS CORRECTIONAL
FACILITY, CITY OF HINTON,
OKLAHOMA,

        Defendants - Appellees.

No. 02-6316
D.C. No. CIV-02-52-W
(W.D. Oklahoma)

**ORDER AND JUDGMENT** [*]

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

William Henry Byrd, III, a prisoner convicted of rape by an Oklahoma state court and currently serving a sentence in a private prison, appeals the district court's grant of summary judgment to the defendants Great Plains Correctional Facility, Cornell Corrections, Inc., and the City of Hinton in his pro se civil rights action filed pursuant to 42 U.S.C. § 1983. We affirm the district court's grant of

---

[*] This order and judgment is not binding precedent, except under the doctrines of res judicata, collateral estoppel, and law of the case. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

summary judgment to the defendants for substantially the same reasons set forth in the district court's order and the magistrate's report and recommendation. [1]

## I. BACKGROUND

Mr. Byrd was convicted of rape in Tulsa County District Court in 1995. Under a contract between the Oklahoma Department of Corrections and Cornell Corrections, Inc., Mr. Byrd is now incarcerated at the Great Plains Correctional Facility, a private prison operated by Cornell Corrections and located in Hinton, Oklahoma. In his pro se complaint, Mr. Byrd alleged that he was: (1) incorrectly placed in medium security status and, (2) placed in punitive segregation for no apparent reason and thus received excessive punishment for a disciplinary violation. [2] He named as defendants the Great Plains Correctional Facility, Cornell Corrections, Inc., and the City of Hinton, Oklahoma, where the facility is located.

---

[1] After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2)(C). The case is therefore submitted without oral argument.

[2] The magistrate judge observed that Mr. Byrd's complaint was "brief and vaguely worded." Rec. doc. 18, at 1 (Report and Recommendation, filed Aug. 13, 2002). However, after considering Mr. Byrd's response to the defendant's motion for summary judgment, the magistrate judge construed the complaint to raise these two claims. On appeal, Mr. Byrd does not challenge this characterization of his claims, and we therefore read the complaint in the same manner.

Adopting the report and recommendation of the magistrate judge, the district court granted the defendant's motion for summary judgment. The court reasoned that prison officials had broad discretion to place inmates in the appropriate security classification and that, as to his claim regarding his placement in disciplinary segregation, Mr. Byrd did not have a constitutionally protected liberty interest in remaining in the general prison population. As to the City of Hinton, the court observed that Mr. Byrd had failed to offer any evidence of a causal connection between a municipal policy and the alleged constitutional deprivations. Moreover, the court noted, the city does not own or operate the Great Plains Correctional Facility.

## II. DISCUSSION

We review the district court's grant of summary judgment de novo, applying the same standard as did the district court. Amro v. Boeing Co., 232 F.3d 790, 796 (10th Cir. 2000). Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We view the evidence and draw any inferences in the light most favorable to the party opposing summary judgment, but that party must identify sufficient evidence that would require submission of the case to the jury. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52

(1986). Although courts must construe pro se pleadings liberally, pro se plaintiffs may not rely on conclusory allegations to state a claim upon which relief can be granted. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Applying these standards, we conclude that the district court properly granted summary judgment to the defendants.

As to Mr. Byrd's challenge to his security classification, we note that "[c]hanging an inmate's prison classification ordinarily does not deprive him of liberty, because he is not entitled to a particular degree of liberty in prison." Templeman v. Gunter, 16 F.3d 367, 369 (10th Cir. 1994) (citing Meachum v. Fano, 427 U.S. 215, 225 (1976)). Moreover, the Supreme Court has held that "regulations promulgated by prison officials should be upheld by courts unless the regulations are shown to be unreasonable or an exaggerated response to administrative and security concerns." Beerheide v. Suthers, 286 F.3d 1179, 1184 (10th Cir. 2002). Here, the defendant prison officials have explained the basis for Mr. Byrd's classification. Rec. doc. 12, Affidavit and Ex. 4. (Special Report, filed June 10, 2002) (explaining Department of Corrections' guidelines for determining security status, which consider the severity of the offense of conviction and the inmate's prior criminal record). Thus, Mr. Byrd's constitutional challenge to his security classification lacks merit.

As to his placement in disciplinary segregation, the district court properly noted that an inmate generally does not have a constitutionally protected liberty interest in remaining free from placement in disciplinary segregation unless that placement constituted an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Applying that standard, the Supreme Court has held that a placement in disciplinary segregation for thirty days did not impose an atypical and significant hardship. Id. at 486. Here, Mr. Byrd pleaded guilty to committing battery while in prison and received thirty days' confinement in disciplinary segregation and a $50 fine. He has presented no evidence indicating that the conditions to which he was subjected during this thirty day period constituted an atypical and significant hardship," id. at 484, in relation to ordinary prison life. Cf. Penrod v. Zavaras, 94 F.3d 1399, 1407 (10th Cir. 1996) (affirming the grant of summary judgment to defendant prison officials on claim arising out of inmate's placement in administrative segregation for ten-month period on the grounds that "[t]he administrative segregation regime plaintiff was subjected to as a result of legitimate security concerns did not impose an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison"). In light of Sandin, these facts are insufficient to support Mr. Byrd's challenge to his placement in disciplinary segregation.

Finally, the district court properly granted summary judgment to the City of Hinton. There is no evidence that the city had any role in operating the Great Plains Correctional Facility and thus no causal link between the city and the alleged constitutional violations. See Hollingsworth v. Hill, 110 F.3d 733, 742 (10th Cir. 1997) (explaining the elements necessary to support a § 1983 action against a municipality).

## III. CONCLUSION

Accordingly, we AFFIRM the district court's grant of summary judgment to the defendants.

Entered for the Court,

Robert H. Henry
Circuit Judge