**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 25, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIAM HENRY BYRD, III,

     Plaintiff-Appellant,

v.

CORNELL CORRECTIONS INC.;
CITY OF HINTON,

     Defendants-Appellees.

No. 05-6289
(D.C. No. CIV-05-532-W)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **LUCERO,** and **MURPHY**, Circuit Judges.

William Henry Byrd, III, a state prisoner proceeding pro se, brings this 42

U.S.C. § 1983 claim against Cornell Corrections, Inc. ("Cornell") and the City of

Hinton, Oklahoma. The district court deemed Byrd's complaint frivolous and

dismissed it for failure to state a claim. We have jurisdiction under 28 U.S.C.

§ 1291 and **AFFIRM**.

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R.
App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

Although styled as a civil rights complaint, Byrd's petition alleges no facts stating a civil rights violation. Byrd refers to the Eighth Amendment, but presents no facts upon which such a legal claim could be based.

Byrd previously brought a § 1983 case against the same defendants claiming he was incorrectly put in medium security status and placed in punitive segregation for no reason. See Byrd v. Cornell Corrections, Inc., 60 Fed. Appx. 191 (10th Cir. 2003). A different panel of this court affirmed the district court's decision granting summary judgment to the defendants. Notwithstanding the dismissal of that case, Byrd appears to claim that a jury rendered a $225,000 verdict in his favor and that Cornell has defaulted in payment of that verdict. Byrd's filings include an obviously fraudulent court order. It appears that Byrd has brought this suit in an attempt to enforce this fictional judgment.

"We review the district court's § 1915(e) dismissal for abuse of discretion." McWilliams v. Colorado, 121 F.3d 573, 574-75 (10th Cir. 1997). Where a court dismisses a § 1983 claim presenting no factual basis other than a request to enforce a nonexistent judgment, it most certainly does not abuse its discretion. We **AFFIRM** the district court's dismissal for failure to state a claim.

Federal courts are not playgrounds in which make-believe filings can be filed. Byrd's behavior in filing fabricated documents is unacceptable. Tenth Circuit Rule 46.5(B) states that an attorney or unrepresented party who presents a

brief, motion, or other paper to the court "certifies that, to the best of the person's knowledge, information and belief . . . the factual contentions or denials are supported in the record." When a brief or supporting documentation is signed in violation of this rule, we may impose monetary sanctions. 10th Cir. R. 46.5(D)(2). By submitting a claim based on apparently fraudulent court documents, Byrd has violated this rule, and this court orders him to **SHOW CAUSE** why monetary sanctions in the amount of $500 should not be imposed. Byrd shall have fifteen days from the date of this order and judgment to file his objections. If acceptable objections are not filed within fifteen days, monetary sanctions shall be imposed.

We also note that because we affirm, the district court's dismissal counts as a "strike" under 28 U.S.C. § 1915(g). See Jennings v. Natrona County Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir. 1999). Byrd's motion to proceed in forma pauperis is **DENIED**. Appellant is directed to make immediate payment of the unpaid balance of his filing fee.

ENTERED FOR THE COURT

Per Curiam
