**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 13, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DERIC VAN FLEET,

     Plaintiff - Appellant,

v.

LT. WRIGHT; LT. KARR,

     Defendants - Appellees.

No. 15-1038
(D.C. No. 1:14-CV-03402-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

     Deric Van Fleet appeals from the district court's dismissal of his amended prisoner complaint as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). When he filed his complaint under 42 U.S.C. § 1983 against correctional officers Lieutenants Wright and Karr, Mr. Van Fleet was in the custody of the Colorado Department of Corrections. According to his brief, he was scheduled for release on March 18, 2015.

     Interpreting the amended complaint liberally because Mr. Van Fleet does not have counsel, the district court deduced (1) a due process claim for deprivation of

_____

[*] After examining the briefs and appellate record, this panel determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

personal property based on allegations that the defendants misplaced Mr. Van Fleet's personal property when he was in segregation and some of it was missing, and (2) an access to courts claim based on allegations that the defendants looked at his legal work and misplaced some of it relating to another lawsuit.

On the due process claim, the district court said that if the personal property was contraband, Mr. Van Fleet lacked a due process property interest; if it was not contraband, the claim fails because the complaint alleged only negligence; and if the complaint somehow did allege intentional deprivation, it nonetheless failed to allege that either the prison grievance procedure or recourse to state court constituted an inadequate post-deprivation remedy.

As to the access to courts claim, the district court said the amended complaint failed to identify any nonfrivolous legal claim Mr. Van Fleet was unable to pursue and thus did not allege the actual injury that is required for such a claim.

We review the dismissal of the amended complaint under 28 U.S.C. § 1915(e)(2)(B)(i) for abuse of discretion. *See McWilliams v. Colorado*, 121 F.3d 573, 574-75 (10th Cir. 1997). As the district court did, we interpret Mr. Van Fleet's pro se complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). In doing so, we agree with the district court that, at most, the amended complaint attempts to allege claims for due process deprivation of personal property and access to the courts. We further agree the amended complaint must be dismissed as legally frivolous.

In his brief on appeal, Mr. Van Fleet takes issue with the district court's analysis in only two statements. First, he states: "I feel the District courts misunderstood what grounds of relief I was asking. I am asking monetary compensation for all property lost . . . ." Aplt. Br. at 4. Second, he states: "The District court misunderstood my claim, or I worded it wrong." *Id.* There is no indication the district court misunderstood the claim or misunderstood that Mr. Van Fleet seeks money damages.

We have examined the amended complaint. We affirm dismissal of the due process property claim because Mr. Van Fleet failed to allege he was afforded inadequate process. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Gee v. Pacheco*, 627 F.3d 1178, 1194 (10th Cir. 2010). We affirm dismissal of his access to the courts claim because he failed to allege actual injury. *See Lewis v. Casey*, 518 U.S. 343, 349-55 (1996); *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996).

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court and deny Mr. Van Fleet's motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge

- 3 -