**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 7, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

AUSTIN RAY,

      Plaintiff - Appellant,

v.

MATTHEW GARTH, Special Agent;
FOURTEEN UNKNOWN AGENTS;
DOES 1-100,

      Defendants - Appellees.

No. 15-1318
(D.C. No. 1:15-CV-01658-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.

---

Pro se plaintiff Austin Ray sued IRS Special Agent Matthew Garth, 14 unknown agents, and Does 1-100 seeking relief under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Investigation*, 403 U.S. 388 (1971), for violations of procedural and substantive due process and equal protection.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Ray filed his complaint on August 3, 2015. He alleged that (1) defendants deprived him of his property when they executed a search warrant at his tax preparation business on April 6, 2010, and seized tax preparation equipment and related items, (2) he was entitled to a pre- and post-deprivation hearing, and (3) the seizure left him without access to tax returns and he therefore could not timely file corrected returns to avoid indictment for tax crimes on April 10, 2014. He requested suppression of all evidence seized in *United States v. Ray*, No. 14-cr-00147-MSK-2 (D. Colo., filed Apr. 10, 2014), and compensatory and punitive damages.

The district court dismissed the complaint as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). It determined that (1) suppression of evidence would be an improper remedy, noting that Mr. Ray has filed a motion to suppress in his criminal proceeding; (2) the risk of removal, concealment, or destruction of the property justified postponement of notice and hearing until after seizure, citing *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 678 (1974); and (3) Mr. Ray has not alleged that any of his property is subject to destruction or forfeiture, and his argument about his inability to access tax returns and make corrections to evade indictment should be made in his criminal case and not in a *Bivens* action.

We review the dismissal of a complaint under 28 U.S.C. § 1915(e)(2)(B)(i) for abuse of discretion. *McWilliams v. Colorado*, 121 F.3d 573, 574-75 (10th Cir. 1997). As the district court did, we interpret Mr. Ray's pro se complaint liberally. *See Haines v.*

*Kerner*, 404 U.S. 519, 520-21 (1972).  In doing so, we agree with the district court that the complaint must be dismissed as legally frivolous.

First, nowhere in his complaint or his brief to this court does Mr. Ray indicate how the procedure afforded for his motion to suppress would be inadequate to address any property deprivation.  His complaint therefore fails to state a procedural due process claim.  *See Parratt v. Taylor*, 451 U.S. 527, 543 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).

Second, the complaint also fails to state an equal protection claim because it does not allege facts showing disparate treatment.  *See Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1217 (10th Cir. 2011); *Brown v. Montoya*, 662 F.3d 1152, 1172-73 (10th Cir. 2011).

Third, the complaint equates the substantive due process claim with the procedural due process claim and otherwise does not allege facts showing executive government action that "can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense," *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 837 (1998), under any case authority.  It therefore fails to state a substantive due process claim.

Finally, in *Ingram v. Faruque*, 728 F.3d 1239 (10th Cir. 2013), this court pointed out the Supreme Court's reluctance to authorize actions under *Bivens*, especially when, as here, there is an "alternative, existing process for protecting the interest" alleged.  *Id*. at 1243-44.

We dismiss this appeal as frivolous and impose a strike under 28 U.S.C. § 1915(g). *See Jennings v. Natrona Cty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780-81 (10th Cir. 1999). We deny Mr. Ray's request to proceed *in forma pauperis*; he is therefore responsible for immediate payment of the unpaid balance of his appellate filing fee.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge

- 4 -