**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2997
_____

SEAN M. DONAHUE,

Appellant
v.

DAUPHIN COUNTY; DAUPHIN COUNTY PRISON; PA STATE CAPITOL POLICE;
PENNSYLVANIA DEPARTMENT OF GENERAL SERVICES; UNKNOWN
DAUPHIN COUNTY PRISON GUARDS AND ADMINISTRATION EMPLOYEES;
KATIE LYNN ADAM; RICHARD C. SHUR; LISA M. SAUDER; MARY JANE
MCMILLAN; HEATHER ROTH; ELAINE B. STALFA; DEBORAH E. CURCILLO

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:19-cv-00890)
District Judge: Honorable Christopher C. Conner

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 14, 2021

Before: AMBRO, SHWARTZ, and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 24, 2021)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Appellant Sean Donahue, proceeding pro se and in forma pauperis, appeals an order of the United States District Court for the Middle District of Pennsylvania dismissing his civil rights action. We will dismiss this appeal as frivolous and malicious.

In 2016, Donahue was convicted in the Pennsylvania Court of Common Pleas for Dauphin County for harassment, based on threatening emails he had sent to various public employees and officials, and sentenced to two years' probation. Despite ongoing attempts to appeal his conviction, Donahue filed a federal civil rights action against several defendants related to the criminal charges. The Middle District of Pennsylvania dismissed that action as barred by the favorable-termination requirement of Heck v. Humphrey, 512 U.S. 477, 486–87 (1994), and we summarily affirmed. See Donahue v. Dauphin Cnty. Solics. Off., 788 F. App'x 854, 857 (3d Cir. 2019) (per curiam).

While that first civil rights action was pending in this Court, three relevant events occurred: Donahue was denied permission to appeal his conviction to the Pennsylvania Supreme Court, see Commonwealth v. Donahue, 180 A.3d 1211 (Pa. 2018) (table); the U.S. Supreme Court denied his petition for certiorari in his direct criminal appeal, see Donahue v. Pennsylvania, 138 S. Ct. 2626 (2018) (mem.); and Donahue filed his second civil rights action against the same defendants based on the same facts, see Donahue v. Dauphin County, No. 1:18-cv-0839, 2018 WL 3217478 (M.D. Pa. July 2, 2018). The District Court dismissed that second action on largely the same grounds as the first, and we affirmed. See Donahue v. County of Dauphin, 747 F. App'x 42 (3d Cir. 2019) (per curiam).

Undeterred, Donahue filed this, his third civil rights action against a nearly identical slate of defendants, based on the same events surrounding the investigation, trial, and conviction.[1] Yet again, a Magistrate Judge recommended dismissal of his complaint; yet again, the District Court adopted that recommendation; yet again, Donahue timely filed a notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's decision to dismiss a complaint as frivolous or malicious. See Dooley v. Wetzel, 957 F.3d 366, 373–74 (3d Cir. 2020). Having granted Donahue's motion to proceed in forma pauperis in this Court, we must make an independent determination under 28 U.S.C. § 1915(e)(2)(B) and must dismiss his appeal if it is malicious, i.e., it "is an attempt to vex, injure or harass the defendant[s]," Deutsch v. United States, 67 F.3d 1080, 1086 (3d Cir. 1995), or if it is frivolous, meaning it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989). The former inquiry examines the litigant's subjective intent, but the latter is an objective standard. See Deutsch, 67 F.3d at 1086–87.

Donahue's appeal is subjectively malicious. The District Court based its own conclusion that the complaint was malicious on Donahue's litigation history, noting that

---

[1] This is not Donahue's only line of repetitive litigation. He has lodged other meritless challenges to this and a separate conviction for similar conduct, see, e.g., Donahue v. Super. Ct. of Pa., No. 19-1625, 2019 WL 4665756 (3d Cir. Sept. 5, 2019), cert. denied, 140 S. Ct. 1245 (2020), and has filed several suits against government agencies and officials seeking the benefits he claims to have been denied, see, e.g., Donahue v. Acosta, 789 F. App'x 324 (3d Cir. 2019), cert. denied sub nom. Donahue v. Scalia, 140 S. Ct. 2660 (2020).

this Court and our sister circuits have held that "[r]epetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." McWilliams v. Colorado, 121 F.3d 573, 574 (10th Cir. 1997) (internal quotation marks and citation omitted). Yet no better evidence of his state of mind exists than his own words—words that led to his criminal conviction and that he conveniently appended to his complaint here. Two of the missives that a Pennsylvania jury found sufficiently harassing to warrant criminal sanction disclose Donahue's subjective intent in pursuing these subsequent civil complaints. First, in an email dated November 26, 2014, Donahue wrote to the head of the Pennsylvania Civil Service Commission (and including some of the named defendants here as recipients) that if his demands for various veterans' employment benefits were not met:

> I will pursue punishment of you, the remaining Commission members, and the senior employees of the Commission for your even attempting to control access to the courts. By doing so, you will face the very same court actions that [the Pennsylvania Department of Labor & Industry] now claims its employees faced and fear that they still face from me. This is a threat and I make that threat with the full confidence of Democracy and no fear whatsoever of the federal and state courts.

Compl. App. 38–39, ECF No. 1-3. Then, in an email dated November 29, 2014, he wrote to various recipients, including some of the named defendants in this action: "I am going to find a LEGAL way to pound the [expletive] out of your government agencies and I'm going to use that method, whatever it is in whatever context makes it LEGAL, to pound your employees into submission until they stop denying me my benefits." Id. at 47. Donahue's voluminous filings in state and federal court since he wrote these words clearly demonstrate an intent to vex, injure, and harass these defendants "into

4

submission." We strongly reject Donahue's assumption that he is entitled to use the courts for these purposes.

Moreover, this appeal is frivolous for its total lack of arguable merit in law or fact. Donahue has been told by this Court on two prior occasions that as part of a civil rights action, these claims implicate the validity of his conviction, and are therefore barred by the favorable termination requirement. See Heck, 512 U.S. at 486–87. Here, as the District Court noted, Donahue did not even challenge the applicability of the Heck bar to his claims; he merely seeks to overturn that decision. See Order at 2 n.1, ECF No. 11. Similarly, on appeal, he quarrels with the holding of Heck and its progeny in our circuit, asserting that he "must first pass through the Appellate court and must be an aggrieved party" to ultimately challenge Heck in the Supreme Court. Resp. at 2, CA3 ECF No. 5. Yet Donahue raised the same arguments about what he perceives to be the errors of Heck and this Court's line of cases thereafter in a previous meritless suit. His complaint here "incorporates" nearly fifty pages of what appears to be a petition for certiorari "not adjudicated by the [U.S.] Supreme Court" and intended to follow his second civil rights action. Compl. at 5, ¶ 6, ECF No. 1 (referring to M.D. Pa. docket number 1:18-cv-00839); see also id. at 6–54 (reproducing petition). However, Donahue has not cited any record of his having petitioned the Supreme Court following that action, nor have we been able to find one. His desire to raise untimely challenges to Heck and its progeny now, after failing to seek certiorari when appropriate, is entirely insufficient to justify proceeding with a precluded case. Donahue makes no arguments in support of his appeal on which to base an opposite conclusion.

Related to his repetitious challenges to the <u>Heck</u> bar, the District Court also dismissed Donahue's complaint as frivolous based on principles of res judicata that apply with equal force to this appeal. Res judicata bars a suit when there has been: "(1) a final judgment on the merits in a prior suit; (2) involving the same parties or their privies; and (3) a subsequent suit based on the same cause of action." <u>Elkadrawy v. Vanguard Grp.</u>, 584 F.3d 169, 172 (3d Cir. 2009). The District Court dismissed Donahue's second civil rights case—in which all but one of the named defendants are identical to the instant action—with prejudice as <u>Heck</u> barred (as discussed above) and time barred, and we affirmed. <u>See</u> <u>Donahue</u>, 747 F. App'x at 43–44. A dismissal based on the running of the statute of limitations is a final judgment on the merits for the purposes of res judicata. <u>See</u> <u>Elkadrawy</u>, 584 F.3d at 173. Thus, all claims dismissed as time barred in the previous action are barred here by res judicata.

We also find that Donahue's purportedly "new" evidence is, in fact, an argument he has already presented to this Court. In his second civil rights action, when requesting rehearing en banc, Donahue made the same claims about his "new knowledge" of Defendant Gregory Budman's employment as a police officer that he makes here in support of his right to a new cause of action. <u>Compare</u> Pet. for Reh'g at 4–6, <u>Donahue v. County of Dauphin</u>, 747 F. App'x 42 (3d Cir. 2019) (No. 18-2568) (emphasizing the "new knowledge that Budman is a cop"), <u>with</u> Compl. at 4, ECF No. 1 (claiming "a right to a new cause of action" based on the discovery of this same defendant's employment). Not only have we heard these claims, but as the Magistrate Judge correctly noted, Budman was a defendant in Donahue's second case from the outset. <u>See</u> R. & R. at 10,

ECF No. 5. Res judicata bars claims that were brought or could have been brought in a prior suit based on the same cause of action. See Elkadrawy, 584 F.3d at 173. Thus, we find that Donahue could have brought these claims against Budman at the time of filing his second civil rights complaint, and did in fact present his arguments to this Court in his prior case, and therefore the claims are barred by res judicata, rendering this appeal frivolous.

Finally,[2] between the second action and the instant one, Donahue added Judge Curcillo to the list of defendants. As the Magistrate Judge and District Court found, she is protected by absolute judicial immunity from liability for her conduct during Donahue's trial. See Stump v. Sparkman, 435 U.S. 349, 356–57 (1978). Furthermore, Donahue's assertion that the judge employed "MindShark" techniques on the jury to sway them in the prosecution's favor is, in the words of the Magistrate Judge, "fanciful, fantastic, delusional, irrational, and wholly incredible," R. & R. at 11, ECF No. 5, and ultimately, "patently frivolous," id. at 17–18.

For all these reasons, we will dismiss his appeal as frivolous and malicious. We advise Donahue to refrain from filing further frivolous or malicious appeals in this Court to avoid the imposition of sanctions, such as forfeiting the privilege of proceeding without payment of fees or other appropriate measures.

---

[2] The District Court also found other miscellaneous grounds to dismiss Donahue's complaint, largely based on sovereign and individual immunities. See R. & R. at 21–22; Order at 1. We affirmed these same grounds for dismissal in the previous action, see Donahue, 747 F. App'x at 43–44, and thus they are incorporated into our consideration of res judicata.