FILED
United States Court of Appeals
Tenth Circuit

December 9, 2022

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

WARREN B. AVERY,

    Plaintiff - Appellant,

v.

LANCE WADE,

    Defendant - Appellee.

No. 22-4093
(D.C. No. 4:22-CV-00063-PK)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.
_____

Appellant Warren B. Avery, proceeding pro se and *in forma pauperis*, appeals

the district court's dismissal with prejudice of his 42 U.S.C. §§ 1983 and 1985

claims. We agree with the district court that Avery failed to state claims for which

relief could be granted, that his claims were frivolous, and that amendment would be

futile. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After
examining the briefs and appellate record, this panel has determined unanimously to
honor Avery's request for a decision on the briefs without oral argument. *See*
Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without
oral argument.

**BACKGROUND**

Avery alleges that a ring of drug-traffickers and defendant Lance Wade, the owner of Avery's former apartment building, regularly fly over his home in airplanes and attack him with lasers. He tried notifying the FBI, the White House, and the Department of Homeland Security about these alleged attacks, but to no avail. So he turned to the courts for relief.

Avery first filed a complaint in Utah state district court seeking prosecution against unnamed defendants for hate crimes and "narco-terrorism." R. at 36. The Utah state district court dismissed his claims without prejudice for failure to state a claim. The court explained that Avery failed to name any defendant, and that the remedy he sought—an FBI investigation—wasn't a remedy the court could order. Avery appealed his case to the Utah Supreme Court, which then transferred his appeal to the Utah Court of Appeals. After his state-court appeal failed, Avery then filed a complaint in the United States District Court for the District of Utah.

In federal court, Avery sued Wade and his "narco terrorist associates" under 42 U.S.C. §§ 1983 and 1985(3), alleging violations of his First and Fourteenth Amendment rights. *Id.* at 4. He claimed that Wade and his associates attacked him at his home from "extraterrestrial airplanes [seven] day[s] a week day and night." *Id.* at 8. He alleged that they used lasers and "infrared cannons" to injure his head and limbs. *Id.* at 11. And he referred to defendants' alleged conduct as a "hate crime." *Id.* at 12. But in his pro se complaint form, Avery checked "No" to questions asking whether the defendants acted under the authority or color of state law. *Id.* at 6–7. As

2

a remedy, he sought an "FBI investigation" of the "terrorist felonies" of Wade and his unnamed co-conspirators. *Id.* at 5.

Avery consented to a magistrate judge resolving his case, and the magistrate judge granted Avery's motion to proceed *in forma pauperis*. The magistrate judge ruled that Avery failed to state a claim under § 1983 because he didn't allege that Wade was a state official or acted under color of state law; instead, the complaint suggested "that Mr. Wade is a private citizen who owns apartment complexes in Salt Lake County, Utah." *Id.* at 43. The magistrate judge also ruled that Avery failed to state a claim under § 1985 because he failed to plead the necessary elements. And the magistrate judge ruled that Avery's complaint was "frivolous" because he made "fanciful and delusional" allegations. *Id.* at 44. Because Avery's complaint was frivolous, the magistrate judge found that amendment would be futile and dismissed Avery's complaint with prejudice. To support dismissal of Avery's claims, the magistrate judge cited both the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B), and Federal Rule of Civil Procedure 12(b). Avery timely appealed.

## STANDARD OF REVIEW

We review de novo dismissals for failure to state a claim under § 1915(e)(2)(B), applying the same standard of review as under Federal Rule of Civil Procedure 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (citations omitted). And we review a district court's dismissal of an *in forma pauperis* complaint for frivolity under § 1915(e)(2)(B) for abuse of discretion. *McWilliams v. Colorado*, 121 F.3d 573, 574–75 (10th Cir. 1997) (citing *Schlicher v. Thomas*,

3

111 F.3d 777, 779 (10th Cir. 1997)). Because Avery proceeds pro se, we construe his pleadings liberally without acting as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## DISCUSSION

Liberally construing Avery's appellate brief, we find that he challenges the district court's entire order on appeal.[1] A district court must dismiss an *in forma pauperis* case if the court determines that the case is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i)–(iii). The district court dismissed Avery's complaint for two reasons: failure to state a claim and frivolity. We consider each in turn.

The district court didn't err in ruling that Avery failed to state claims for relief under §§ 1983 and 1985(3). To state a claim under § 1983, Avery must show that Wade and the other defendants acted under color of state law. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1143 (10th Cir. 2014) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)). Avery made no effort to show that Wade or other defendants were state actors; instead, he expressly disclaimed that Wade or any unnamed defendant acted under color of state law. The district court didn't err in dismissing Avery's § 1983 claim.

---

[1] Avery moves to amend his opening brief with documents elaborating on "narco-terrorism." Because of his pro se status, we grant Avery's motion. But given the outlandish nature of his allegations, his supplemental brief lends no additional merit to his case.

4

Avery's § 1985(3) claim also fails. To state a claim under § 1985(3), Avery must show (1) a conspiracy; (2) to interfere with his rights because of racial or class-based animus; (3) an act in furtherance of the conspiracy; and (4) a resulting injury. *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 101–03 (1971)). Avery comes far short of alleging all the elements of a § 1985(3) claim. Though he alleges a conspiracy, he doesn't name any defendants other than Lance Wade. And he doesn't explain how Wade, along with the unnamed defendants, conspired to interfere with his rights because of racial or class-based animus. The district court correctly dismissed Avery's § 1985 complaint for failure to state a claim.

For similar reasons, the district court didn't abuse its discretion in dismissing Avery's claims as frivolous and determining that any amendment would be futile. A claim is frivolous—and therefore compels dismissal under § 1915(e)(2)(B)—if it relies on an "indisputably meritless legal theory" or "[c]learly baseless factual allegations . . . that are 'fantastic' or 'delusional.'" *Northington v. Jackson*, 973 F.2d 1518, 1520 (10th Cir. 1992) (first quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); and then quoting *Hall*, 935 F.2d at 1109). Avery's allegations about narco-terrorists attacking him with space lasers are "[c]learly baseless," "fantastic," and "delusional" and could never support a claim under § 1983 or § 1985(3), even if he amended other deficiencies in his complaint. *See id.* The district court may dismiss a pro se complaint with prejudice if "no amendment could cure [the] defect[s]." *Curley v. Perry*, 246 F.3d 1278, 1282 (10th Cir. 2001). Avery raised

5

"indisputably meritless legal theor[ies]," so the court didn't abuse its discretion in dismissing his claims with prejudice. *See Northington*, 973 F.2d at 1520 (quoting *Neitzke*, 490 U.S. at 327).

## CONCLUSION

Because Avery's claims are frivolous and fail to state grounds for relief, we affirm the judgment of the district court.[2]

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[2] We also deny Avery's "Motion for Unnamed or Anonymous Appellee."